UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUAVO DELMONTAE WILLIAMS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:19-CV-2668 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Quavo Delmontae Williams' Second Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 (ECF No. 33), filed through appointed counsel. The Government filed a Response (ECF No. 35) and Movant filed a Reply (ECF No. 36), so the matter is fully briefed and ready for decision. For the following reasons, the Court will grant the Motion to Vacate and will set aside Williams' conviction and judgment of sentence on Count Two under 18 U.S.C. § 924(c)(1) and (2). The Court will set the underlying criminal case for resentencing on remaining Count One.

**I. Procedural Background**

On June 14, 2017, Williams was charged by Superseding Indictment in the Eastern District of Missouri with attempted carjacking in violation of 18 U.S.C. § 2119 and 2 (Count One), and knowing possession, brandishing and/or discharging a firearm in furtherance of a crime of violence, i.e., attempted carjacking, in violation of 18 U.S.C. § 924(c)(1) and (2) (Count Two). United States v. Williams, No. S1-4:17-CR-248 RLW (E.D. Mo.).

On March 28, 2018, Williams executed a Guilty Plea Agreement pursuant to which he pled guilty to both Counts One and Two as charged in the Superseding Information. (Id., Plea Agreement, ECF No. 121). On June 28, 2018, Williams was sentenced to a term of 60 months

imprisonment on Count One and a term of 84 months imprisonment on Count Two, all such terms to be served consecutively, for a total term of 144 months; and to three year term of supervised release. (Id., Judgment, ECF No. 149 at 2, 3.)

Williams did not file a direct appeal but filed a pro se Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255 (ECF No. 1) on September 30, 2019, in which he challenged his § 924(c) conviction on Count Two under the holding of United States v. Davis, 139 S. Ct. 2319 (2019). Appointed counsel filed an amended § 2255 motion on February 28, 2020 (ECF No. 22). Appointed counsel filed the current motion, which replaced all of Williams' prior filings, on September 1, 2022 (ECF No. 33). Williams asserts that his § 924(c) conviction on Count Two is illegal and must be vacated under the reasoning of the Supreme Court's decision in United States v. Taylor, 142 S. Ct. 2015 (2022), because the elements of attempted carjacking do not categorically require the use, attempted, use, or threatened use of force against a person or property to come with § 924(c)(3)(A).

**II. Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

**III. Discussion**

In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of a violent felony was unconstitutionally vague. In June 2019, the Supreme Court held that 18 U.S.C. § 924(c)'s residual clause is unconstitutionally vague and invalid under the Johnson rule. Davis, 139 S. Ct. 2319. Movant filed his initial pro se § 2255 motion raising a claim under Davis a few months later.

In June 2022, in United States v. Taylor, the Supreme Court held that attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) does not qualify as a § 924(c) predicate because it does not categorically require the government to prove the use, attempted use, or threatened use of force. To obtain a conviction for attempted Hobbs Act robbery, the government must prove: "(1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." Taylor, 142 S. Ct. at 2020; see also 18 U.S.C. § 1951(b) (defining robbery).

The Court in Taylor explained that an intention to take property by force or threat, along with a substantial step toward achieving that object, does not categorically require the use, attempted use, or threatened use of force against another person or his property. 142 S. Ct. at 2020. The Court gave the example of a hypothetical defendant, "Adam," who intended to take property by threat of force and took a substantial step toward that object, but was apprehended before he engaged in any threatening conduct. Id. at 2021. "Adam" did not use force or attempt to use force, nor did he threaten force, as his intended threat was never delivered. Id.

Here, the predicate offense for Williams' § 924(c) conviction is attempted carjacking, not Hobbs Act robbery. The parties agree, however, that the Supreme Court's reasoning set forth in Taylor applies equally to attempted carjacking. This is because to obtain a conviction for attempted carjacking, 18 U.S.C. § 2119 and 2 does not categorically require the government to prove the use, attempted use, or threatened use of physical force.

The United States admits this is so even though Williams' predicate offense arguably has a higher intent requirement than Hobbs Act robbery. Compare 18 U.S.C. § 2119(2) ("with the intent to cause death or serious bodily harm"), with Taylor, 142 S. Ct. at 120 ("inten[t] to unlawfully take or obtain person property by means of actual or threatened force"). The United States explains that the holding of an earlier Supreme Court case addressing the carjacking

3

statute's intent requirement demonstrates why the reasoning of Taylor applies to the crime of attempted carjacking:

> [T]he intent requirement for carjacking is "conditional," meaning that the defendant need only intend to inflict death or serious bodily harm "if that action had been necessary to complete the taking of the car." Holloway v. United States, 526 U.S. 1, 9, 12 (1999). Accordingly, because a completed carjacking can be accomplished through threats alone (like a completed Hobbs Act robbery) the possibility that a defendant could be convicted of an attempted carjacking based on an "attempt to threaten" means that this offense does not categorically qualify as a crime of violence under Taylor.

(ECF No. 35 at 2.) The United States therefore states that the "Court should grant [Williams'] motion to vacate based on his new Taylor claim." Id.

**IV. Conclusion**

The Court agrees with the parties' analysis. Williams' conviction in Count Two under 18 U.S.C. § 924(c) is illegal under the Supreme Court's decision in Taylor and will be vacated.

By separate order in the underlying criminal case, the Court will set a resentencing hearing and direct the United States Probation Office to prepare a resentencing report and sentencing recommendation. Resentencing Williams on Count One is within the Court's authority under § 2255 and does not violate double jeopardy principles. See Gardiner v. United States, 114 F.3d 734, 735-37 (8th Cir. 1997); United States v. Harrison, 113 F.3d 135, 137-39 (8th Cir. 1997). Further, resentencing Williams on the attempted carjacking offense is consistent with maintaining a sentence consistent with the Court's intention based upon the facts of the underlying criminal case. See United States v. Shue, 825 F.2d 1111, 1116 (7th Cir. 1987).

Accordingly,

**IT IS HEREBY ORDERED** that Movant Quavo Delmontae Williams' Second Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 (ECF No. 33) is **GRANTED**, and Williams' conviction on Count Two in Case No. 4:17-CR-248 RLW for knowingly possessing, brandishing, and/or discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C.

§ 924(c)(1) and (2), is set aside under the Supreme Court's decision in United States v. Taylor, 142 S. Ct. 2015 (2022).

A separate Judgment will accompany this Memorandum and Order, and an Order will issue this same date in the underlying criminal case setting a resentencing hearing.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of December, 2022.